884 A.2d 1215

**Emmanuel NNOLI**

v.

**Nina NNOLI.**

**No. 149, Sept. Term, 2004.**

Court of Appeals of Maryland.

Oct. 17, 2005.

318

Daniel Q. Mahone, Frederick, for petitioner.

Nina Nnoli, Owings Mills, for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA, GREENE, JJ.

RAKER, J.

In this action, petitioner Emmanuel Nnoli asks this Court to decide whether the trial court erred in refusing to quash a warrant for his arrest issued by the Circuit Court for Montgomery County. Because the denial of the Motion to Quash the warrant is a nonappealable interlocutory order, we shall reverse the judgment of the Court of Special Appeals and remand to that court with instructions to dismiss the appeal.

## I.

This case has a long and tortured history in the courts of this State, beginning in 1988. Nina Nnoli, respondent, filed for divorce from petitioner in 1988 in the Circuit Court for Montgomery County. On March 17 1992, the Circuit Court awarded custody of the Nnoli's two minor children, Audrey and Eileen, to respondent. At the time of the custody award, the children were in Nigeria with petitioner's extended family. Petitioner refused to return the children to respondent as ordered by the Circuit Court, and respondent then filed a petition for contempt against petitioner for his failure to return the children to her custody. On April 21, 1992, the Circuit Court held a hearing on respondent's contempt petition. Petitioner did not appear at the hearing, but was represented by counsel. The court found petitioner in civil contempt for failure to deliver custody of the children to respondent in accordance with the custody award and issued a body attachment for petitioner. The contempt Order permitted petitioner to purge the contempt by returning the children

to the custody of the court. The court also found petitioner's counsel in contempt for failure to divulge petitioner's location or telephone number and incarcerated him for several hours until he provided petitioner's number. Petitioner appealed the contempt Order to the Court of Special Appeals, arguing that the Circuit Court lacked jurisdiction to issue the underlying award of custody. In an unreported opinion, the Court of Special Appeals affirmed.

On May 13, 1993, petitioner was apprehended on the body attachment and brought before the Circuit Court. The Circuit Court ordered petitioner to remain in custody until he complied with the purge provision and remanded him to the custody of the Sheriff. Petitioner then filed a motion to abate the contempt Order and release him from custody. The court denied this motion. Petitioner then filed a petition for a writ of habeas corpus in the Circuit Court, with respondent as the only named defendant. The Circuit Court granted the petition and released petitioner from custody. Respondent appealed the grant of the habeas petition to the Court of Special Appeals, and petitioner appealed the denial of the motion to abate the contempt Order. The Court of Special Appeals reversed the grant of the habeas petition, and affirmed the denial of the motion to abate the contempt Order. *Nnoli v. Nnoli*, 101 Md.App. 243, 646 A.2d 1021 (1994).

The Circuit Court reinstated the contempt Order and reissued the body attachment; petitioner was apprehended again in October 1994. On December 12, 1994, petitioner filed a second petition in the Circuit Court for Montgomery County for a writ of habeas corpus, naming as defendant John Galley, Director of the Montgomery County Detention Center, where petitioner was then being held. Respondent's motion to intervene was granted on December 15, 1994. After several continuances, petitioner supplemented his habeas petition with letters he wrote to his family in Nigeria requesting return of the children, and letters written purportedly by his family indicating that they had no intention of returning the children.

On September 13, 1995, the Circuit Court held a hearing on the habeas petition. At the hearing, respondent's counsel opined that petitioner and his family were conspiring to keep the children from respondent and to obtain petitioner's release from incarceration, and that the letters were fabrications intended to further these ends. Respondent's counsel requested the opportunity to offer evidence to prove these allegations. The Circuit Court denied his request and granted the habeas petition, thereby releasing petitioner from custody.

Respondent noted a timely appeal to the Court of Special Appeals. In an unreported opinion, that court vacated the Circuit Court's grant of the habeas petition and remanded to the Circuit Court for further proceedings. The court based its holding on two grounds: first, that the Circuit Court erred because it failed to make clear the grounds for its grant of the habeas petition, and second, that, to the extent that the Circuit Court relied on the letters petitioner offered in support of his habeas petition, it erred by refusing to permit respondent to offer evidence that the letters were not genuine. We denied his petition for writ of certiorari to this Court. *Nnoli v. Nnoli,* 344 Md. 118, 685 A.2d 452 (1996).

On remand to the Circuit Court, respondent filed a request for issuance of a bench warrant, body attachment, and order of incarceration against petitioner. On August 8, 1996, the Circuit Court granted this motion, reinstated the contempt finding and purge provisions set out in the April 21, 1992 contempt Order, and directed the Sheriff to "apprehend, take into custody, and incarcerate" petitioner. The court ordered a hearing to be held in accordance with the opinion of the Court of Special Appeals upon apprehension of petitioner.

On January 28, 2000, petitioner filed in the Circuit Court a motion to dismiss the arrest warrant issued against petitioner pursuant to the August 1996 Order. In his motion, petitioner argued that the arrest warrant should be dismissed because the children had returned to the United States and were living with respondent. The Circuit Court held a hearing on the motion on April 5, 2000. Petitioner's counsel appeared at the

hearing, but petitioner did not appear personally. The court denied the motion, indicating that it would not consider the motion if petitioner did not appear personally before the court. Petitioner then sought a writ of mandamus from this Court, which this Court denied on July 17, 2002.

We turn now to the issue before this Court, petitioner's attempt to appeal the Circuit Court's denial of his motion to quash the warrant for his arrest. After denial of his petition for a writ of mandamus, petitioner filed on May 22, 2003 a second motion in Circuit Court challenging the 1996 arrest warrant issued for him after his second habeas petition was remanded to the Circuit Court. This motion, captioned as a "Motion to Quash Arrest Warrant," is the subject of the instant appeal. In this motion, petitioner argued that the arrest warrant should be quashed because the children were now both emancipated, making it impossible for him to satisfy the purge provision set forth in the April 1992 contempt Order, and revived by the Circuit Court's August 1996 Order. The Circuit Court held a hearing on this motion on July 7, 2003. Petitioner again failed to appear personally, and was represented by counsel at the hearing. During the hearing, petitioner's counsel indicated that he was prepared to offer birth certificates to prove that the children were emancipated. Once again, the Circuit Court indicated that it would not address the issue of whether petitioner lacked the present ability to purge unless he appeared personally in compliance with the arrest warrant. The Circuit Court thus did not permit petitioner's counsel to offer the birth certificates into evidence, and denied the motion to quash the warrant.

Petitioner noted a timely appeal to the Court of Special Appeals. In an unreported opinion, the Court of Special Appeals affirmed, holding that, because petitioner had not appeared before the court, the Circuit Court did not have any evidence before it from which it could conclude that petitioner lacked the present ability to perform the purge provision. Petitioner filed a petition for a writ of certiorari, and we granted his petition. *Nnoli v. Nnoli*, 385 Md. 511, 869 A.2d 864 (2005).

## II.

■ Before this Court can reach the merits of this appeal, we consider whether the Order of the Circuit Court denying petitioner's Motion to Quash the Warrant for his arrest is an appealable Order. It is important to note that petitioner is not appealing from an order holding him in contempt, but rather from the Circuit Court's denial of a motion to quash a warrant for his arrest.[1]

■ The general rule as to appeals is that, subject to a few, limited exceptions, a party may appeal only from a final judgment. Md.Code (1974, 2002 Repl.Vol., 2004 Cum.Supp.), § 12–301 of the Courts and Judicial Proceedings Article[2]; *Salvagno v. Frew*, 388 Md. 605, 615, 881 A.2d 660, 666 (2005); *In re Samone H.*, 385 Md. 282, 297, 869 A.2d 370, 379 (2005). Section 12–301, Right of appeal from final judgments—Generally, provides as follows:

"Except as provided in § 12–302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even

1. Although in 1996, respondent requested the Circuit Court to issue both a body attachment and a bench warrant, the Circuit Court's Order did not specify whether it was issuing a body attachment, bench warrant, or both, but simply directed that petitioner be taken into custody. Although petitioner's motion was fashioned as a challenge to an arrest warrant, and not a body attachment, is of no significance, as "bench warrant" and "body attachment" may be used interchangeably to refer to orders directing law enforcement to take a person into custody and bring the person before the court. *See Wilson v. State*, 345 Md. 437, 450, 693 A.2d 344, 350–51 (1997) (issuance of "body attachments or bench warrants" is a traditional method for compelling attendance in court of witnesses who fail to appear in response to subpoenas).

2. All subsequent statutory citations in this opinion will be to Md.Code (1974, 2002 Repl.Vol., 2004 Cum.Supp.), Courts and Judicial Proceedings Article.

though imposition or execution of sentence has been suspended. In a civil case, a plaintiff who has accepted a remittitur may cross-appeal from the final judgment."
Section 12–302(b) provides that § 12–301 does not apply to appeals in contempt cases, which are governed by § 12–304.

 To constitute a final judgment, the trial court's determination must either decide and conclude the rights of the parties involved or deny a party the means to prosecute or defend rights and interests in the subject matter of the proceeding. *See In re Samone H.*, 385 Md. at 297–98, 869 A.2d at 379 (quoting *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41, 566 A.2d 767, 773 (1989)). We look to whether any further order was to be issued or whether any further action was to be taken in a case to determine whether an order or ruling is a final, appealable judgment. *Id.* at 298, 869 A.2d at 379. An order that is not a final judgment is an interlocutory order and ordinarily is not appealable unless it falls within one of the statutory exceptions set forth in § 12–303. *See In re Damon M.*, 362 Md. 429, 434, 765 A.2d 624, 626–27 (2001).

 There are three exceptions to the final judgment rule: appeals from interlocutory orders permitted by statute, appeals permitted under Md. Rule 2–602, and appeals permitted under the common law collateral order doctrine. *Salvagno*, 388 Md. at 615, 881 A.2d at 666. The Order denying the motion to quash the arrest warrant is not a final judgment, and it does not meet any of these exceptions. Thus, it is not appealable.

 The ruling of the Circuit Court was not a final judgment because it did not determine and conclude the rights of the parties involved in the proceeding, or deny a party "the means to prosecute or defend his or her rights and interests in the subject matter of the proceeding." *In Re Billy W.*, 386 Md. 675, 688, 874 A.2d 423, 431 (2005) (internal citation and quotation omitted). The Circuit Court Order denying petitioner's motion to quash the warrant did not determine and conclude the rights of the parties involved because it did not, and could not, constitute a ruling on the underlying issue of

the propriety of the contempt Order that petitioner was seeking to attack collaterally in his habeas petition pending before the Circuit Court. Rather, it simply affirmed that the Circuit Court's August 1996 Order issuing the arrest warrant for petitioner after its previous Order releasing petitioner was vacated by the Court of Special Appeals and the case was remanded for further proceedings was correct.[3] Neither did the Order deny petitioner the means to prosecute his rights or interests in the proceeding. As the Circuit Court indicated at the hearing on petitioner's motion, the court was prepared to consider petitioner's contention that he lacked the present ability to perform the purge provision in the contempt Order. Thus, petitioner was able to prosecute his rights to challenge the contempt Order, as he simply had to comply with the terms of the warrant in order to do so.

█ Petitioner can point to no statute expressly permitting this appeal. Although § 12–301 incorporates § 12–302, which provides that contempt cases are governed by § 12–304, the Circuit Court's ruling does not fit within those statutory provisions. Section 12–304(a) provides for appeals in contempt cases, and states in pertinent part as follows:

"Any person may appeal from any order or judgment passed to preserve the power or vindicate the dignity of the court and adjudging him in contempt of court, including an

---

**3.** Although the 1992 Circuit Court arrest warrant related to the contempt Order issued in the divorce proceeding, the basis of the 1996 arrest warrant was not a separate finding of contempt by the Circuit Court at that time, but rather was the mandate of the Court of Special Appeals vacating the Circuit Court's initial judgment granting petitioner's habeas petition and releasing him from incarceration. While we do not reach the merits of the Circuit Court's ruling on the motion, for purposes of illustrating that petitioner's challenge to the arrest warrant is distinct from a challenge to the contempt Order, we note that the Circuit Court was bound by the law of the case to deny the motion to quash the warrant, as the warrant was issued to effectuate the mandate of the Court of Special Appeals vacating the Circuit Court's grant of petitioner's habeas petition and consequent release from custody. *See Scott v. State*, 379 Md. 170, 183, 840 A.2d 715, 723 (2004) (under law of the case doctrine, litigants and lower courts are bound on remand by rulings of appellate courts in the same case).

interlocutory order, remedial in nature, adjudging any person in contempt, whether or not a party to the action."

Petitioner is not appealing from an order adjudging him in contempt and therefore cannot fit within this section.[4] It is not appealable under § 12–304.

■■■ An order that is not a final judgment is an interlocutory order and ordinarily is not appealable unless it falls within an exception to the final order doctrine. *Salvagno,* 388 Md. at 615, 881 A.2d at 666. Section 12–303[5] provides for

---

4. This is not a case where the action of the Circuit Court was beyond the court's jurisdiction. The Circuit Court had fundamental jurisdiction to issue the arrest warrant, as it was issued to effectuate a contempt order. *See* § 1–202(a) (granting to courts "the power to punish for contempt of court or to compel compliance with its commands in the manner prescribed by Title 15, Chapter 200 of the Maryland Rules"). Md. Rule 15–207(c)(2) permits a court to "enter an order directing a sheriff or other peace officer to take custody of and bring [an] alleged contemnor before the court" if the alleged contemnor fails to appear personally.

Thus, this case is not one where a court's lack of fundamental jurisdiction to issue an order makes the order a final judgment or puts it within the scope of one of the three exceptions to the final judgment rule. *See Board of Educ. v. Bradford,* 387 Md. 353, 384–85, 875 A.2d 703, 721–22 (2005) (noting that, although lack of fundamental jurisdiction to issue an order does not create a separate fourth exception to the final judgment rule, orders exceeding the scope of the trial court's fundamental jurisdiction may sometimes be final judgments or fall within one of the three exceptions to the final judgment rule).

5. Section 12–303 provides as follows:

"A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:

(1) An order entered with regard to the possession of property with which the action is concerned or with reference to the receipt or charging of the income, interest, or dividends therefrom, or the refusal to modify, dissolve, or discharge such an order;

(2) An order granting or denying a motion to quash a writ of attachment; and

(3) An order:

(i) Granting or dissolving an injunction, but if the appeal is from an order granting an injunction, only if the appellant has first filed his answer in the cause;

(ii) Refusing to dissolve an injunction, but only if the appellant has first filed his answer in the cause;

(iii) Refusing to grant an injunction; and the right of appeal is not prejudiced by the filing of an answer to the bill of complaint or

appeals from certain interlocutory orders. The Order of the Circuit Court in the instant case does not fit within any provision of § 12–303 and is not appealable as an interlocutory order. Although the purge provision in the contempt Order permitted petitioner to purge himself of contempt by returning his children to the custody of the court, this fact does not bring the Order denying Petitioner's motion to quash the arrest warrant within the scope of § 12–303(3)(x), which provides that an interlocutory order in a civil case is appealable if it is an order "[d]epriving a parent, grandparent, or natural guardian of the care and custody of his child, or changing the terms of such an order." Even if this aspect of the purge provision would place a ruling on the contempt Order within the scope of § 12–303(3)(x), the Circuit Court's denial of the motion to quash the warrant was not a ruling on the underlying contempt Order. Second, even if it were, it would not have changed the terms of the original Order, and hence

---

petition for an injunction on behalf of any opposing party, nor by the taking of depositions in reference to the allegations of the bill of complaint to be read on the hearing of the application for an injunction;

(iv) Appointing a receiver but only if the appellant has first filed his answer in the cause;

(v) For the sale, conveyance, or delivery of real or personal property or the payment of money, or the refusal to rescind or discharge such an order, unless the delivery or payment is directed to be made to a receiver appointed by the court;

(vi) Determining a question of right between the parties and directing an account to be stated on the principle of such determination;

(vii) Requiring bond from a person to whom the distribution or delivery of property is directed, or withholding distribution or delivery and ordering the retention or accumulation of property by the fiduciary or its transfer to a trustee or receiver, or deferring the passage of the court's decree in an action under Title 10, Chapter 600 of the Maryland Rules;

(viii) Deciding any question in an insolvency proceeding brought under Title 15, Subtitle 1 of the Commercial Law Article;

(ix) Granting a petition to stay arbitration pursuant to § 3–208 of this article;

(x) Depriving a parent, grandparent, or natural guardian of the care and custody of his child, or changing the terms of such an order; and

(xi) Denying immunity asserted under § 5–525 or § 5–526 of this article."

would not be appealable under § 12–303(3)(x). *See In re Samone H.*, 385 Md. at 316, 869 A.2d at 390 (holding that an order denying a mother's request to alter a permanency plan adopted in a child in need of assistance case was not appealable under § 12–303(3)(x) because the order denying the mother's request did not change the terms of the original order).

Under Md. Rule 2–602(b), in certain circumstances, a party may appeal from a judgment not disposing of an entire action and one that is not otherwise a final judgment.[6] This Rule applies to actions involving multiple claims or multiple parties in which a judgment is entered as to fewer than all the parties involved or all the claims in the action. *Quartertime Video v. Hanna*, 321 Md. 59, 64, 580 A.2d 1073, 1075 (1990). Under this Rule, if the trial court finds expressly in a written order that there is no just reason for delay, the court can order entry of a final judgment as to fewer than all of the claims or parties in the action. We have often noted that the discretion afforded under this Rule is of "limited nature," and is "to be reserved for the 'very infrequent harsh case.'" *Smith v. Lead*, 386 Md. 12, 24–25, 871 A.2d 545, 552 (2005) (quoting *Diener Enterprises v. Miller*, 266 Md. 551, 556, 295 A.2d 470, 473 (1972)). The purpose of limiting this discretion is "to

---

6. Md. Rule 2–602 provides as follows:

 "(a) Generally. Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:

 (1) is not a final judgment;

 (2) does not terminate the action as to any of the claims or any of the parties; and

 (3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

 (b) When Allowed. If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

 (1) as to one or more but fewer than all of the claims or parties; or

 (2) pursuant to Rule 2–501(f)(3), for some but less than all of the amount requested in a claim seeking money relief only."

prevent piecemeal appeals, which, beyond being inefficient and costly, can create significant delays, hardship, and procedural problems." *Id.* at 25, 871 A.2d at 553. Rule 2–602 is inapplicable to the appeal before us. Even if, hypothetically, the judgment of the Circuit Court somehow fit within the Rule, the trial court did not enter a written order expressly determining that the denial of the motion to quash the warrant is appealable. Rule 2–602 is not applicable to the instant case.

Finally, the collateral order doctrine does not provide a basis for this appeal. The collateral order doctrine treats as final and appealable interlocutory orders that (1) conclusively determine the disputed question; (2) resolve an important issue; (3) resolve an issue that is completely separate from the merits of the action; and (4) would be effectively unreviewable on appeal from a final judgment. *Dawkins v. Baltimore City Police Dept.,* 376 Md. 53, 58, 827 A.2d 115, 118 (2003). The collateral order doctrine is a very narrow exception to the final judgment rule, and each of its four requirements is very strictly applied in Maryland. *Id.* at 58–59, 827 A.2d at 118. In particular, the fourth prong, unreviewability on appeal, "is not satisfied except in 'extraordinary situations.'" *Shoemaker v. Smith,* 353 Md. 143, 170, 725 A.2d 549, 563 (1999) (quoting *Bunting v. State,* 312 Md. 472, 482, 540 A.2d 805, 809 (1988) (per curiam)).

This case does not present an extraordinary situation. In essence, by moving to quash the arrest warrant, petitioner is reinitiating and attempting to relitigate his challenge to the contempt Order without appearing before the Circuit Court in accordance with its 1996 Order. The mere fact that an order denies a claim of a right to avoid participating in some aspects of the legal proceedings in the trial court does not mean the order presents an extraordinary situation satisfying the fourth prong of the collateral order doctrine. *See, e.g., Dawkins,* 376 Md. at 64–65, 827 A.2d at 121–22 (holding that, as a general rule, trial court orders rejecting immunity defenses do not present extraordinary circumstances making them unreviewable on appeal, and hence are not appealable under the

collateral order doctrine); *In re Foley*, 373 Md. 627, 635–36, 820 A.2d 587, 592–93 (2003) (holding that fourth prong of collateral order doctrine was not satisfied in case of discovery order permitting medical examination, even though order may not be reviewable on appeal from a final judgment if party challenging order prevails in underlying action). The Order denying the motion to quash the arrest warrant does not present an extraordinary situation sufficient to satisfy the fourth prong of the collateral order doctrine merely because it denied petitioner's claim that he had a right to avoid participation in an aspect of the proceedings below by reinitiating his challenge to the contempt Order without complying with the Circuit Court's Order to appear personally before the court.

The Order of the Circuit Court for Montgomery County was not appealable and the appeal should be dismissed.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS THE APPEAL AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY PETITIONER.*