*Metro Maintenance Systems South, Inc. v. Thomas Milburn, et al.*
No. 31, 2014 Term


**Appeals – Final Judgment – Remand to Administrative Agency Prior to Judicial Review of Agency Decision.** An unsuccessful claimant for unemployment insurance benefits sought judicial review in the Circuit Court, as permitted by statute, of an adverse decision by the Board of Appeals of the Department of Labor, Licensing and Regulation. Prior to any proceedings in the Circuit Court to review the agency decision, the Board moved, with the consent of the claimant who had sought judicial review, to remand the case to the Board to reconsider its decision. The Circuit Court granted the motion and ordered a remand for that purpose before it reviewed the agency decision. The employer's attempt to seek appellate review of the remand order was premature as a remand order issued prior to judicial review is not an appealable final judgment.

Circuit Court for St. Mary's County
Case No. 18C12000963
Argued: December 8, 2014

IN THE COURT OF APPEALS
OF MARYLAND

No. 31

September Term, 2014

METRO MAINTENANCE SYSTEMS SOUTH, INC.

v.

THOMAS MILBURN, ET AL.

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

Opinion by McDonald, J.

Filed: March 30, 2015

Various provisions of Maryland law afford a party adversely affected by an administrative agency decision an opportunity to obtain judicial review of that decision by a circuit court. Some provisions also allow further review by the appellate courts. In many instances, the result of the circuit court's review is that the court remands the case to the agency for further proceedings. The decision to remand a case as a result of judicial review is considered a final judgment – a prerequisite to immediate further review in the appellate courts.

But does the same conclusion hold true if a circuit court remands the case to the agency *prior to* conducting its review of the agency's decision, at the suggestion of the agency and with the consent of the party seeking judicial review? The issue in this case is whether such a remand is a final judgment and therefore appealable under Maryland Code, Courts and Judicial Proceedings Article ("CJ"), §12-301. We hold that it is not, and therefore affirm the dismissal of the appeal in this case by the Court of Special Appeals.[1]

# I

## Background

Respondent Thomas Milburn was a truck driver for Petitioner Metro Maintenance Systems South, Inc. ("Metro Maintenance"). He quit his job in January 2012, claiming "racially motivated mistreatment" by his employer. He then applied for unemployment benefits to the Department of Labor, Licensing, and Regulation ("DLLR"), the other Respondent in this case. A critical issue with respect to a claim

---

[1] Because we decide the case on this threshold issue, we do not address the merits of the remand or of the underlying agency decision.

by an employee who leaves a job voluntarily is whether the employee has good cause for doing so. Under Maryland law, an "individual who otherwise is eligible to receive [unemployment insurance] benefits is disqualified from receiving benefits if the Secretary [of Labor, Licensing, and Regulation] finds that unemployment results from voluntarily leaving work without good cause." Maryland Code, Labor & Employment Article ("LE"), §8-1001(a)(1).

The DLLR claim examiner determined that Mr. Milburn quit his job "without good cause" and denied his claim for benefits. Mr. Milburn appealed that decision within the agency. *See* LE §§8-508, 8-806(g) (providing for appeals to Lower Appeals Division of DLLR). In March 2012, a hearing examiner in the Lower Appeals Division of the agency conducted a hearing during which counsel for Mr. Milburn and counsel for Metro Maintenance presented evidence. Like the claim examiner, the hearing examiner concluded that Mr. Milburn had voluntarily quit his employment without good cause and denied his request for benefits. Mr. Milburn appealed that decision to the DLLR Board of Appeals. The Board declined to hear the appeal, thereby adopting the decision of the hearing examiner as its own decision – a decision that is subject to judicial review.[2]

---

[2] The Board must hear the appeal if the hearing examiner reverses the initial determination, but has discretion not to allow the appeal if, as in this case, the hearing examiner affirms the initial determination. LE §8-5A-10(b). If the Board does not allow an appeal of a decision of a hearing examiner, "the decision of the hearing examiner is considered to be a decision of the Board of Appeals" and is subject to judicial review as if it were a final decision of the Board of Appeals. LE §8-806(h)(4).

2

In June 2012 Mr. Milburn filed a petition for judicial review of the Board's decision in the Circuit Court for St. Mary's County, as permitted by the unemployment insurance law.[3] When a circuit court reviews a Board decision, it confines its review to questions of law and the Board's fact findings are conclusive if they are "supported by evidence that is competent, material, and substantial ... and there is no fraud." LE §8-5A-12(d). Both Metro Maintenance and the DLLR Board[4] filed responses to the petition indicating that they would participate in the proceedings before the Circuit Court. As required by Maryland Rule 7-207, Mr. Milburn filed a memorandum in support of his petition, arguing that the hearing examiner's decision had failed to address whether he had been constructively discharged. As permitted by the rule, Metro Maintenance filed an answering memorandum, in which it argued that the hearing examiner's decision should be upheld.

Instead of filing an answering memorandum, the DLLR Board filed a motion requesting that the Circuit Court remand the case back to the Board before it conducted its review. The Board's motion stated that, after reading Mr. Milburn's memorandum and reviewing the agency record, counsel for the Board had recommended that it accept a remand "to review the decision of the [Hearing]

---

[3] LE §8-5A-12 states that a "final decision of the Board of Appeals may be appealed to a circuit court by any party aggrieved by the decision, the Secretary, or both." A party seeking judicial review "shall file a petition for judicial review in a circuit court authorized to provide the review." Maryland Rule 7-202.

[4] The Board is expressly authorized by statute to participate in judicial review of its decisions. LE §8-5A-12(a)(3).

Examiner" and that the Board had agreed to accept a remand. The Board did not concede that the hearing examiner had erred but requested only an opportunity to review the decision in the interest of "judicial economy."[5] Mr. Milburn consented to the motion to remand. Metro Maintenance opposed the motion for remand and argued that the Circuit Court did not have the authority to remand until after the court had reviewed the agency record and had concluded that the agency's findings were not supported by substantial evidence.

The Circuit Court held a hearing on January 25, 2013, on the motion to remand and heard arguments from Mr. Milburn, Metro Maintenance, and the Board. There was no discussion of the agency record or the merits of the case. The Circuit Court characterized DLLR's motion as a request for a "do over" that would precede the court's consideration "whether there's substantial evidence and … whether or not to affirm." At the end of the hearing, the Circuit Court granted the Board's motion for remand.

Metro Maintenance appealed to the Court of Special Appeals. In an unreported decision, that court concluded that the remand order was not a final judgment or otherwise appealable and dismissed the appeal. The Court of Special Appeals relied

_____

[5] The motion alluded to the fact that the case would have to be remanded to the Board if, upon review, the Circuit Court were to find that the administrative decision was not supported by substantial evidence or contained an error of law. Although not explicitly stated, it appears the agency is concerned that the opinion of the hearing examiner may be deficient in not addressing constructive discharge and that it intends to correct this omission on remand before judicial review occurs. The motion to remand did not indicate whether the agency intended to collect additional evidence or merely revise its legal analysis. In its brief before this Court, the agency stated it does not intend to collect additional evidence.

4

primarily on its prior decision in *Anne Arundel County v. Rode*, 214 Md. App. 702, 78 A.3d 926 (2013), which had dismissed an appeal in very similar circumstances.

We granted certiorari to determine whether the remand order was a final judgment and, if so, whether the remand was an abuse of discretion or otherwise unlawful. We decide only the first question as we agree with the Court of Special Appeals that the remand order was not a final, appealable judgment.

## II

### Discussion

#### A. *The Final Judgment Rule*

A fundamental principle of the statute that defines the jurisdiction of the appellate courts is that, as a general rule, a party may appeal only from "a final judgment entered in a civil or criminal case by a circuit court." CJ §12-301;[6] *see Schuele v. Case Handyman and Remodeling Services, LLC*, 412 Md. 555, 565, 989 A.2d 210 (2010) (final judgment requirement is jurisdictional). The statute does not define finality, but instead leaves it to this Court to determine what makes a judgment "final."[7] *Anthony v. Clark*, 335 Md. 579, 587, 644 A.2d 1070 (1994).

---

[6] CJ §12-301 does not permit an appeal from a final judgment of a circuit court made in the exercise of appellate jurisdiction in reviewing a decision of an administrative agency "[u]nless a right to appeal is expressly granted by law." CJ §12-302(a). In this case, LE §8-5A-12(g) expressly grants a right to appeal a decision of a circuit court reviewing a decision of the DLLR Board of Appeals.

[7] Somewhat circularly, CJ §12-101(f) defines "final judgment" as "a judgment, decree, sentence, order, determination, decision, or other action by a court, including an orphans' court, from which an appeal, application for leave to appeal, or petition for
(continued...)

5

*Attributes of a Final Judgment*

This Court has noted that a ruling must ordinarily have the following three attributes to be a final judgment: (1) it must be intended by the court as an unqualified, final disposition of the matter in controversy, (2) unless the court acts pursuant to Maryland Rule 2-602(b) to direct the entry of a final judgment as to less than all of the claims or all of the parties, it must adjudicate or complete the adjudication of all claims against all parties; (3) it must be set forth and recorded in accordance with Rule 2-601. *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41, 566 A.2d 767 (1989); *see also Hiob v. Progressive Am. Ins. Co.*, 440 Md. 466, 489, 103 A.3d 596 (2014).[8]

Only the first element – whether the remand order was intended by the court as an unqualified, final disposition of the matter in controversy – is at issue in this appeal. In considering whether an order has the requisite finality, it is important to

---

[7] (...continued)
certiorari may be taken." As is evident, this definition sheds little light on the concept of finality. *See Cant v. Bartlett*, 292 Md. 611, 440 A.2d 388 (1982) (statutory definition merely implies that it is ultimately up to this Court to decide which orders are final and appealable).

[8] There are three exceptions to the requirement that there be a final judgment disposing of all claims as to all parties: (1) appeals from interlocutory orders specifically allowed by statute; (2) appeals permitted when a circuit court enters final judgment under Maryland Rule 2-602(b) as to certain claims or parties and expressly determines that there is no just reason for delay, and (3) appeals from interlocutory rulings allowed under the common law collateral order doctrine. *Addison v. Lochearn Nursing Home, LLC*, 411 Md. 251, 273-74, 983 A.2d 138 (2009); *Hiob*, 440 Md. at 475 n. 5. Metro Maintenance does not assert that any of these exceptions applies to this case.

6

keep in mind the underlying purpose of the final judgment rule – to promote judicial efficiency by avoiding piecemeal appeals. *Brewster v. Woodhaven Bldg. & Dev., Inc.*, 360 Md. 602, 616, 759 A.2d 738 (2000). Apart from the interruption and delay that appeals of interlocutory orders can create in the trial courts, such appeals also have the potential to waste judicial resources if the appellate court resolves a dispute that becomes moot or irrelevant upon a final disposition.

*Unqualified, Final Disposition*

In order to be an unqualified, final disposition, an order of a circuit court must be "so final as either to determine *and conclude* the rights involved or to deny the appellant the means of further prosecuting or defending his or her rights and interests in the subject matter of the proceeding." *Rohrbeck*, 318 Md. at 41 (emphasis in original); *see also Boteler & Belt v. State*, 7 G. & J. 109, 112-13 (Md. 1835). The order must be a complete adjudication of the matter in controversy, except as to collateral matters, meaning that there is nothing more to be done to effectuate the court's disposition. *See Nnoli v. Nnoli*, 389 Md. 315, 324, 884 A.2d 1215 (2005); *Rohrbeck*, 318 Md. at 41.

An order need not resolve the merits of a case, however, to constitute a final judgment. Even if the order does not decide and conclude the rights of the parties, it nevertheless will be a final judgment if it terminates the proceedings in that court and denies a party the ability to further prosecute or defend the party's rights concerning the subject matter of the proceeding. *See In Re Billy W.*, 386 Md. 675, 689, 874 A.2d

7

423 (2005); *Brewster*, 360 Md. at 610. Such an order has been described as one that has the effect of "put[ting] the [party] out of court." *McCormick v. St. Francis de Sales Church*, 219 Md. 422, 426-27, 149 A.2d 768 (1959).

*Terminating Proceedings in a Particular Court*

In determining whether an order that terminates proceedings in a particular court can be said to "put the party out of court" the key question is whether the order contemplates that the parties will no longer litigate their rights in that court. *Nnoli*, 389 Md. at 324; *Brewster*, 360 Md. at 615 (order transferring venue from one circuit court to another is final because no further proceedings will occur in the court of original jurisdiction); *Wilde v. Swanson*, 314 Md. 80, 86-87, 548 A.2d 837 (1988) (an order dismissing a defendant for lack of venue was final because it prevented the plaintiffs from further prosecuting their claim against that defendant in that court); *Carroll v. Housing Opportunities Comm'n*, 306 Md. 515, 510 A.2d 540 (1986) (an order transferring the case from the circuit court to District Court was final because it left nothing further to be done in the circuit court).

The order need only have the effect of terminating the proceedings in a particular court; the availability of another forum in which the parties may litigate their dispute is irrelevant to finality. *Brewster*, 360 Md. at 615 ("An order putting the appellant out of every court is simply *one type* of instance of a final judgment .... an order putting an appellant out of a particular court is also a final judgment."); *see also Ferrell v. Benson*, 352 Md. 2, 7, 720 A.2d 583 (1998) (order transferring case from

8

circuit court to District Court is a final judgment because it terminates the proceedings in the circuit court, even though proceedings continue in the District Court); *Horsey v. Horsey*, 329 Md. 392, 402, 620 A.2d 305 (1993) (an order compelling arbitration is a final judgment because it terminates the proceedings in that court, even if proceedings continue before the arbitrator).

This Court offered an illustration of the distinction between an order that terminates the proceedings in a particular court and one that does not in *Moore v. Pomory*, 329 Md. 428, 431, 620 A.2d 323 (1993). In that case, the Court held that an order dismissing a complaint in its entirety "without prejudice" was a final judgment because it terminated the proceeding in the particular court. By contrast, the Court stated, an order of dismissal that expressly allows a plaintiff to file an amended complaint does not terminate the proceedings, as it anticipates further proceedings in the same court. Although a party has no obligation to file an amended complaint and there may be no further proceedings, the case remains pending in the event an amended complaint is filed. Once an amended complaint is filed, the parties may continue to litigate their interests in the same proceeding before the same court. Thus, when an order anticipates additional proceedings in the same court during which the parties may continue to litigate their rights in the particular matter, the order does not terminate the proceedings in that court, and is not a final judgment. *See also In re Buckler Trusts*, 144 Md. 424, 125 A. 177 (1924) (an order striking the pleading of a

9

would-be intervenor was not a final judgment as to the rights of that entity as it was

not precluded from enforcing or defending its asserted rights in a separate proceeding).

## B.     *Whether a Remand to an Agency is a Final Judgment*

It is not unusual for a circuit court tasked with conducting judicial review of an

agency decision to remand the case back to the agency at some point.[9]  In many, if not

most, instances, the circuit court's order does not determine and conclude the rights of

the parties.  For example, if, applying the appropriate standard of review, the court

finds that there was not substantial evidence to support the agency decision or that the

agency made an error of law, it will likely remand the case to the agency, which will

ultimately determine the parties' rights by applying the law as directed by the circuit

court.  Such a remand may appear to be non-final in nature,[10] but under the principles

of finality in Maryland law outlined above, many such remands are appealable final

judgments.  *See, e.g., Allen v. Glenn L. Martin Co.*, 188 Md. 290, 295, 52 A.2d 605

(1947) (remand order to agency was a final judgment because it terminated the

---

[9] *See* A. Rochvarg, Maryland Administrative Law (2d ed. 2007) at 176.

[10] Indeed, the federal courts and a majority of state courts consider such remands to be non-final orders that are not appealable unless the failure to grant immediate review would foreclose appellate review altogether, the collateral order doctrine applies, the dismissal is for failure to exhaust administrative remedies and the defect cannot be cured, or the agency is directed to perform only a collateral task. *See, e.g.*, Wright, Miller & Cooper, et al., 15B Fed. Prac. & Proc. Juris §3914.32 (2d ed.) ("The general rule is that a remand is not appealable as a final decision, even if the court of appeals fears that the remand was ill-advised."); *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 119 N.M. 29, 888 P.2d 475 (1994) (reviewing the rules of finality applicable to agency remands in the federal courts and other state courts and concluding the majority rule is that a remand to an agency for further proceedings is not a final judgment).

proceedings in the circuit court, even though proceedings continued before the agency); *but cf. Anderson v. Anderson*, 349 Md. 294, 298, 708 A.2d 296 (1998) (remand for master to conduct additional proceedings was not a final judgment because the court intended that additional proceedings occur and, as master was part of the circuit court, the case remained pending in that court).

In classifying a remand to an agency as a final judgment despite its intuitively non-final nature, it may be appropriate to distinguish between those remands that are the result of a circuit court's judicial review and those remands that precede judicial review. The Court of Special Appeals has embraced such a distinction in several cases, including this one.

*Remands that Follow Judicial Review*

Most of the reported decisions concern situations in which a circuit court remanded a case to an agency as a result of its review of the agency decision and instructed the agency to revise the decision in light of the court's construction of the law. Some examples:

(1) In *Allen v. Glenn L. Martin Co., supra*, a worker's compensation case, the reviewing court, after conducting a hearing and taking evidence, remanded the case for the agency to recalculate the compensation award by determining the employee's loss of wage earning capacity in accordance with the court's interpretation of the statutory formula in the worker's compensation law.[11]

_____

[11] At the time *Allen* was decided, the statute required the Industrial Accident
(continued...)

11

(2) In *Criminal Injuries Compensation Board v. Remson*, 282 Md. 168, 384 A.2d 58 (1978), the circuit court reviewed a decision of the Criminal Injuries Compensation Board, which had rejected a claim for benefits by the family of a murder victim, and held that the Board had incorrectly construed an exception in the law in reaching its decision. The court remanded the case to the Board for a re-determination of the claim in accordance with the court's view of the law.

(3) *Department of Public Safety and Correctional Services v. LeVan*, 288 Md. 533, 543, 419 A.2d 1052 (1980) concerned a remand to the Sundry Claims Board, an entity that decided worker's compensation claims brought by prisoners injured while working at an institution. A prisoner dissatisfied with an award by the Board sought judicial review in the circuit court, which affirmed the Board's finding of disability, but remanded for a re-computation of the claim in light of certain factors identified by the court and according to the court's interpretation of the relevant statutory formula.

(4) In *Schultz v. Pritts*, 291 Md. 1, 432 A.2d 1319 (1981), a county board of zoning appeals denied a property owner's request for a special exception. The homeowner petitioned for judicial review in the circuit court. The circuit court reviewed the record of the proceedings before the board, determined that the board had

---

[11] (...continued)
Commission to calculate an award of benefits based on the difference between the worker's average weekly wage before the injury and the worker's wage-earning capacity following the injury. *See Townsend v. Bethlehem-Fairfield Shipyard, Inc.*, 186 Md. 406, 410, 47 A.2d 365 (1946) (describing the statute's formula for compensation). Accordingly, the remand in *Allen* for the Commission to determine the claimant's wage-earning capacity as a result of the injury was essentially an order to calculate an award based on that statutory formula.

violated the property owner's due process rights by considering evidence submitted after the close of the hearing, and remanded the case for the board to conduct a new hearing. While the court did not resolve the underlying merits of the board's decision – the court did not decide whether the property owner was entitled to the special exception – the court determined that the agency's decision was inconsistent with law as a result of its review.

(5) *Brown v. Baer*, 291 Md. 377, 435 A.2d 96 (1981) concerned a county liquor board's denial of a license application. The applicants sought review of that decision by the circuit court which, following a hearing, initially affirmed the liquor board on one legal issue, but remanded to the board to allow the applicants an opportunity to provide additional evidence on certain criteria for the issuance of the license. Additional proceedings occurred in the circuit court, which were later determined to be untimely, and the threshold issue before the appellate courts was whether the remand order had the requisite finality for an appeal.

In each of these cases, this Court held that the remand order was an appealable final judgment. *Allen*, 188 Md. at 295; *Remson*, 282 Md. at 177; *LeVan*, 288 Md. at 540-44; *Schultz*, 291 Md. at 5-6; *Brown*, 291 Md. at 385-86. This is consistent with the principles outlined in the previous section – once the circuit court determines that the agency's decision is inconsistent with law and remands to the agency for further proceedings, neither party may continue to defend or challenge the agency decision in the circuit court and there is nothing further for the circuit court to do.

13

In *LeVan*, *Allen*, and *Remson*, the court interpreted the particular statutes at issue and remanded for the agency to make a calculation of an award based on the court's interpretation of the statute. In those cases, the reviewing court definitively determined the key legal issue in the case and the agency's discretion was limited on remand to calculate the award based on the statutory formula defined by the court. In *Schultz* and *Baer*, the reviewing court's resolution of a disputed legal issue required the agency to re-open its proceeding and terminated judicial review in the circuit court. All of these cases illustrate the observation that "an order need not necessarily dispose of the merits of a case to be a final judgment." *See Brewster*, 360 Md. at 610.

In sum, a remand after a circuit court has conducted judicial review that precludes the parties from further contesting or defending the validity of the agency's decision in that court – and leaves nothing further for the court to do – is a final judgment. But not every remand to an agency terminates the proceedings in the circuit court. That will often be the case when the remand precedes any judicial review by the circuit court.

*Remands that Precede Judicial Review*

In concluding that the remand in this case was not an appealable final judgment, the Court of Special Appeals cited its own recent decision in *Anne Arundel County v. Rode*, 214 Md. App. 702, 78 A.3d 926 (2013), in which the court held that a remand order nearly identical to the one in this case was not a final judgment. In *Rode*, as in this case, an unsuccessful claimant for unemployment insurance benefits

14

sought judicial review of the DLLR Board's adverse decision. The Board filed a motion for a remand to reconsider its own decision prior to judicial review – a motion that the circuit court granted. The employer then appealed the remand order. Noting that the remand was requested and ordered "before there had been any remote glimmer of consideration of the merits," the Court of Special Appeals held that the order was not a final judgment and that the employer's appeal was premature. 214 Md. App. at 705-7. The court concluded:

> The remand in this case, made prior to any consideration of the merits by the circuit court and in response to a request by the DLLR itself, represented nothing more than a brief delay in the ongoing review of Ms. Rode's appeal to the circuit court. The case was not over. The circuit court was not divested of its continuing jurisdiction over the case. Under these circumstances, the remand was not a final judgment.

*Id.* at 715. The court in *Rode* looked to a prior decision in which it had held, in the context of judicial review of an administrative agency decision pursuant to the Maryland Administrative Procedure Act ("APA"),[12] that an order remanding a case to the administrative agency for the taking of additional evidence prior to judicial review did not terminate the proceedings in the circuit court and was not an appealable final judgment. *Hickory Hills Limited Partnership v. Secretary of State*, 84 Md. App. 677, 686, 581 A.2d 834 (1990).

In *Hickory Hills*, a condominium developer filed a petition for judicial review under the APA challenging an adverse decision by the Secretary of State concerning

---

[12] Maryland Code, State Government Article, §10-201 *et seq.*

15

the developer's compliance with its public offering statement.  Prior to the hearing in the circuit court, the Secretary of State filed a motion requesting a remand to allow the Secretary to hear additional evidence pursuant to a provision now codified at Maryland Code, State Government Article ("SG"), §10-222(f).[13]  The circuit court granted the motion and ordered the remand.  The real estate developer appealed to the Court of Special Appeals.

---

[13] That provision reads as follows:

> (1)   Judicial review of disputed issues of fact shall be confined to the record for judicial review supplemented by additional evidence taken pursuant to this section.
>
> (2)   The court may order the presiding officer to take additional evidence on terms that the court considers proper if:
> (i)   before the hearing date in court, a party applies for leave to offer additional evidence; and
> (ii)   the court is satisfied that:
> 1.   the evidence is material; and
> 2.   there were good reasons for the failure to offer the evidence in the proceeding before the presiding officer.
>
> (3)   On the basis of the additional evidence, the final decision maker may modify the findings and decision.
>
> (4)   The final decision maker shall file with the reviewing court, as part of the record:
> (i)   the additional evidence; and
> (ii)   any modifications of the findings or decision.

SG §10-222(f).  At the time of the *Hickory Hills* decision, this provision was codified, in slightly different language, at SG §10-215(e).

16

The Court of Special Appeals concluded that, because the statute allowed the agency to request the remand prior to any judicial review and to file additional evidence with the circuit court following the remand, the order did not terminate the proceedings in the circuit court and contemplated judicial review of the agency decision after the remand. 84 Md. App. at 681. The court explained that such a remand "does not require a complete remand of the case to the administrative agency, but rather it anticipates a referral for the receipt of additional evidence with an opportunity for the agency to modify its findings or decision." 84 Md. App. at 682 (quoting *Breedon v. Dep't of Education*, 45 Md. App. 73, 86-87 (1980)).

The court in *Hickory Hills* contrasted this type of remand with the type of remand that a court might order under the APA *after* the court has conducted judicial review and made its assessment of the agency decision. The latter type of remand, governed by what is now SG §10-222(h),[14] is a final order because, when the circuit

---

[14] That provision reads as follows:

> In a proceeding under this section, the court may:
>
> (1) *remand the case for further proceedings;*
> (2) affirm the final decision; or
> (3) reverse or modify the decision if any substantial right of the petitioner may have been prejudiced because a finding, conclusion, or decision:
> > (i) is unconstitutional;
> > (ii) exceeds the statutory authority or jurisdiction of the final decision maker;
> > (iii) results from an unlawful procedure;
> > (iv) is affected by any other error of law;
> > (v) is unsupported by competent, material, and

(continued...)

17

court orders a remand after judicial review, it does so because it has found that the agency's decision is inconsistent with law or unsupported by substantial evidence. The parties can no longer defend or challenge that agency decision in the circuit court and there is nothing further for that court or the parties to do. Thus, that remand terminates the circuit court proceedings.

The principle underlying the distinction noted in *Hickory Hills* between final and non-final remand orders is not unique to the APA.[15] The distinction reflects the generally applicable principle explained above that whether an order terminates the proceedings in a particular court turns on whether it precludes the parties from further litigating their rights in that court and leaves nothing further for that court to do.[16]

---

[14] (...continued)
> substantial evidence in light of the entire record as submitted; or
>> (vi)   is arbitrary or capricious.

SG §10-222(h) (emphasis added). At the time of the *Hickory Hills* decision, this provision appeared at SG §10-215(g).

[15] The APA does not govern petitions for judicial review of unemployment insurance claim decisions by the Board. SG §10-203(a)(5). Thus, the standards by which a court would assess the validity of a remand order under the unemployment insurance law may not necessarily be the same as in an APA case. Nevertheless, for the purpose of assessing whether the remand is a final judgment, it does not matter whether the remand is under unemployment insurance law or the APA, because, in either case, a defect in the remand order does not transform a non-final interlocutory order into a final order that is immediately appealable. *See State Board of Education v. Bradford*, 387 Md. 353, 384, 875 A.2d 703 (2005) (an order is not immediately appealable merely because the order is inconsistent with a statute, outside of the court's jurisdiction, or beyond the subject matter of the court).

[16] A remand prior to judicial review based on a statute that requires remand and
(continued...)

18

## C.     *Application to the Remand in this Case*

None of the parties has suggested that the remand order here decided or concluded the matter in dispute – *i.e.,* whether Mr. Milburn is entitled to unemployment insurance benefits – and it is clear that the remand order did not do so. Rather, the issue is whether the remand order "puts the parties out of court," in the colloquial phrase sometimes used to describe the concept of finality.

Metro Maintenance argues that the remand order did so because it remanded the entire case back to the agency, and that the agency will have full discretion to hold an additional hearing, collect additional evidence, and reach a contrary conclusion. Metro Maintenance argues that because the agency retains "all its processes and discretions," this case is indistinguishable from the remand in *Schultz*, and there is nothing further for the Circuit Court to do – in other words, the parties are "put out of court."

In our view, the work of the Circuit Court here is not done. When it ordered the remand, the Circuit Court stated that the remand was to precede its determination of "whether there's substantial evidence" and "whether or not to affirm." The Circuit

---

[16] (...continued)
termination of the circuit court proceedings in specific circumstances is a final judgment. In *Eastern Stainless Steel v. Nicholson*, 306 Md. 492, 510 A.2d 248 (1986), an employer appealed a worker's compensation award to the circuit court, where it impleaded the Subsequent Injury Fund. A provision of the worker's compensation law directed that, in such circumstances, the circuit court was to remand the case to the Worker's Compensation Commission. This Court held that the remand was a final order because the statute did not indicate an intent for the case to remain in the circuit court pending the remand. 306 Md. at 501-2.

19

Court clearly understood its function in performing judicial review and, just as clearly, deferred that function pending the remand. Unlike an order transferring a case to another circuit court, to the District Court, or to an arbitration panel, the remand order here contemplates that judicial review awaits the return of the case following the remand. Specifically, once the Board has an opportunity to review its decision, and possibly correct what it perceives as an omission or defect, the Circuit Court would then apply the standard of review under LE §8-5A-12(d) and determine whether the decision reflects a correct understanding of the law and whether there is "competent, material, and substantial" evidence to support it. This type of remand is thus "nothing more than a brief delay in the ongoing review" of the agency decision – requested by the agency that made the decision, consented to by the party seeking judicial review of that decision, and taken with the acquiescence of the reviewing court – that did "not divest [the circuit court] of its continuing jurisdiction over the case." *Rode*, 214 Md. App. at 715. It is not a termination of the proceedings in that court.

The remand here is akin to the example that the Court offered in *Moore* of a non-final order – dismissal of a complaint with leave to amend. In both instances, the parties have, in a sense, been "put out of court," but in both cases there is a strong potential, bordering on certainty, that the issue at hand – the viability of, in one case, a complaint and, in the other, an administrative decision – will be back for determination by the circuit court. *See Moore*, 329 Md. at 431.

The contrast between the remand order here and that in *Schultz,* is instructive. In *Schultz,* the circuit court reviewed the agency decision, made a determination as to

20

its legality, and remanded the entire case back to the agency for additional proceedings. At that point, there was nothing further for the circuit court to do and the parties could take no further action in the circuit court. By contrast, in this case, there has been no judicial assessment of the legality of the agency's decision; the remand order merely accedes to the agency's request for a limited opportunity to reconsider and possibly modify its findings or decision prior to judicial review. Unlike in *Schultz,* the remand order here did not involve a judicial determination as to whether the agency decision is consistent with law or supported by substantial evidence. Thus, the order does not prevent the parties from continuing to defend or challenge the agency's decision following the remand. Once the agency reconsiders its decision following the remand and submits any revision to the circuit court, the parties may continue to challenge or defend the agency's decision.

It is true that, on remand, the Board of Appeals retains discretion to reconsider its decision.[17] Finality, however, is not determined by considering what additional proceedings may occur before the agency, but what further proceedings, if any, will occur in the circuit court. *See Brewster*, *supra* (proceedings before another forum are irrelevant to finality). Thus, the breadth of the additional proceedings at the agency level do not convert the remand order here into a final, appealable judgment.

---

[17] It would undoubtedly be arbitrary and capricious, as well as an abuse of discretion, for the Board to fail to reconsider its decision within a reasonable time period and provide the Circuit Court with the result of the reconsideration that it requested the opportunity to conduct. *Cf.* Maryland Rule 7-403.

After the remand, the parties will have the opportunity to litigate their positions in the circuit court and pursue appellate review of those issues, including any contention that the remand was unlawful or an abuse of discretion.[18] It may be, of course, that the lawfulness of the remand will no longer be at issue and that other issues concerning the validity of the Board's decisions will have become moot as a result of any modifications that the Board makes. In that respect, our holding that a remand that precedes any judicial review is not a final judgment is consistent with the purpose of the final judgment rule – to promote judicial efficiency by limiting piecemeal appeals.

## III

## Conclusion

The order of the Circuit Court remanding the case for the agency to reconsider its decision – issued prior to any judicial review of the agency's decision, at the request of the Board and with consent of the party that sought judicial review – is not a final, appealable judgment. The Court of Special Appeals properly dismissed Metro Maintenance's appeal as premature.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.

---

[18] If an appellate court were later to decide that the remand was unlawful for some reason, the appellate court can limit its review to the administrative record preceding the remand.