*Deer Automotive Group, LLC t/a Liberty Ford v. Barbara Brown et al.*, No. 62, September Term, 2016.  Opinion by Greene, J.

**APPEALS—PETITION TO COMPEL ARBITRATION—FINAL JUDGMENT RULE**

The denial of a petition to compel arbitration of a claim that is the subject of litigation in a pending lawsuit between the same parties is not a final judgment under § 12-301 of the Courts and Judicial Proceedings Article because the denial of such a petition does not put the parties out of court, otherwise terminate the proceedings, or deny the party requesting arbitration the means of further prosecuting or defending its rights and interests in the subject matter of the proceeding.

Circuit Court for Baltimore County
Case No.: 3C15002637
Argued: March 2, 2017

_____

DEER AUTOMOTIVE GROUP, LLC t/a
LIBERTY FORD

v.

BARBARA BROWN et al.

_____

Barbera, C.J.
Greene,
Adkins,
McDonald,
Watts,
Hotten,
Getty,

JJ.

_____

Opinion by Greene, J.
Barbera, C.J., and McDonald, J., dissent.

_____

Filed: June 27, 2017

Appellant[1], Deer Automotive Group, LLC t/a Liberty Ford ("Liberty Ford" or "Appellant") is a Maryland limited liability company, which operates a new and used automobile dealership in Baltimore County. Appellees, Barbara Brown and Herbert E. Spencer, Jr., ("Brown and Spencer", or collectively "Appellees") are individuals who each purchased vehicles from Appellant's dealership. On March 13, 2015, Brown and Spencer filed a class action lawsuit (the "Class Action") in the Circuit Court for Baltimore County against Liberty Ford, in which they challenged Liberty Ford's practice of providing customers with an alleged free lifetime Limited Warranty for their vehicles. The alleged free warranty was conditioned on the consumer's continued use of and payment for other services provided by Liberty Ford, which, Appellees aver, is an arrangement that violates federal law.

In lieu of filing a motion to compel arbitration in the Class Action matter, Liberty Ford commenced an independent action in the same court on April 27, 2015 ("the Arbitration Action") seeking to compel arbitration in the existing Class Action case. The Circuit Court ruled that Brown and Spencer's claims in the Class Action were not subject to binding arbitration. Liberty Ford appealed. In the Court of Special Appeals, Brown and Spencer filed a motion to dismiss the appeal arguing that the Circuit Court's order denying arbitration was not an appealable final judgment. The Court of Special Appeals denied the motion, and Brown and Spencer petitioned this Court for review.

---

[1] Because this matter came to this Court on bypass, the initial appeal is still pending in the Court of Special Appeals. Accordingly, the parties are captioned as Appellant and Appellees. However, Appellees are the party in the position of a petitioner in this Court.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about July 6, 2007, Appellee Brown purchased a used 2002 Hyundai Santa Fe from Liberty Ford. Ms. Brown signed multiple documents in connection with the sale, including a buyer's order, dated July 6, 2007, and a retail installment sales contract ("RISC"), dated July 11, 2007. The buyer's order presented to Ms. Brown by Liberty Ford reflected the following provisions related to claims and disputes arising out of or relating to the purchase of the Santa Fe:

> The parties irrevocably agree that any controversy, claim or dispute arising out of or relating to the purchase or the financing of this vehicle included but not limited to this Purchase Agreement or the breach thereof shall be settled by binding arbitration, pursuant to the separate Agreement to Arbitrate Disputes. However, binding arbitration will not apply to the failure of the Purchaser to provide consideration including failure to pay a note, a dishonored check, failure to provide a trade title, or failure to pay a deficiency resulting from an additional payoff on a trade. In addition, binding arbitration will not apply to Dealer's right to retake possession of the vehicle. SEE SEPARATE ARBITRATION AGREEMENT ATTACHED HERETO AND INCORPORATED BY REFERENCE HEREIN FOR SPECIFIC DETAILS.

On or about April 28, 2012, Appellee Spencer purchased a used 2010 Chrysler 300 from Liberty Ford and signed numerous documents in connection with this purchase, including a RISC, dated April 28, 2012. The RISC presented to Mr. Spencer by Liberty Ford reflected the following information related to arbitration and class action lawsuits:

> **READ THIS ARBITRATION PROVISION CAREFULLY**
> **AND IN ITS ENTIRETY**
> **ARBITRATION**
> Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by

arbitration. Such Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope or validity of this clause, or arbitrability of any issue; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

## <u>RIGHTS YOU AND WE AGREE TO GIVE UP</u>

If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:

- **RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY**
- **RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION**
- **BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT**
- **RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR**
- **OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT**

You may choose the organization to conduct the arbitration subject to our approval. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the <u>Federal Arbitration Act (9 U.S.C. § 1 et seq.)</u> and the Federal Rules of Evidence. The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. We will pay your total reasonable arbitration fees and expenses (not including attorneys fees, except where applicable law otherwise provides) in excess of $125. We will pay the whole filing fee if we demand arbitration first. Any portion of this arbitration clause that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable. Notwithstanding any other provision of this Arbitration clause, the validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

On March 13, 2015, Barbara Brown and Herbert E. Spencer, Jr., filed a class action

lawsuit in the Circuit Court for Baltimore County against Liberty Ford. Brown and

3

Spencer's complaint alleged that Liberty advertised a "Liberty for Life" Warranty for new and used vehicles that was "free of charge" and "for life" then conditioned those benefits upon certain mandatory and costly requirements of the consumer. Specifically, Brown and Spencer allege that, with respect to Mr. Spencer's warranty, when "Mr. Spencer refused to have the mandatory 15,000 mile service performed by Liberty Ford because of the dealership's excessive $265 charge, Liberty Ford voided his warranty and refused to honor or provide Mr. Spencer any of the benefits under the [']Liberty for Life' Limited Warranty program." Brown and Spencer allege that Liberty Ford "informed Ms. Brown that, by obtaining required service work on her vehicle at a location other than Liberty Ford, Ms. Brown voided the terms of her 'Liberty for Life' Limited Warranty." According to Brown and Spencer, the practice of requiring additional costly maintenance services, which were outside the scope of a vehicle's warranty and could only be performed at Liberty Ford, is a "tying arrangement" because the consumer is forced to pay for non-warranty service and maintenance charges if the consumer wants the promised benefits of the "Liberty for Life" Warranty. In effect, the consumer is "tied to" the continued receipt of benefits through non-warranty and costly services at Liberty Ford. Brown and Spencer allege that this tying arrangement constitutes a violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*[2]

_____

[2] The Magnuson-Moss Warranty Act, 15 U.S.C. § 2302(c), specifically prohibits such "tying" mandates:

(c) Prohibition on conditions for written or implied warranty; waiver by Commission

4

In lieu of filing a motion to compel arbitration in the Class Action suit, Liberty Ford commenced the independent Arbitration Action in the same court on April 27, 2015. The matter was assigned to the same judge presiding in the Class Action. In the Arbitration Action, Liberty Ford sought to compel arbitration of any and all claims contained in the Class Action and to stay the Class Action. On June 23, 2015, Brown and Spencer filed a Motion to Consolidate the Class Action and the Arbitration Action. Liberty Ford did not file a response. The Circuit Court denied Brown and Spencer's motion pursuant to an order issued on June 29, 2015. The court explained:

> While Plaintiffs are correct that these actions involve common questions of law and fact and a common subject matter, in this instance the consideration of "convenience" addressed in Md. Rule 2-503(b) dictates that these matters not be consolidated. This is the case because Plaintiffs are correct about another point, that enough information is before the Court to allow a determination to be made in the Arbitration Action. A hearing will be held on the pending Petition in that case on August 4, 2015. The Court's determination of that Petition will end proceedings in the Arbitration Action and will either result in the staying of the Class Action or in allowing the Class Action to proceed outside of the shadow of the Arbitration Action.

No warrantor of a consumer product may condition his written or implied warranty of such product on the consumer's using, in connection with such product, any article or service (other than article or service provided without charge under the terms of the warranty) which is identified by brand, trade, or corporate name; except that the prohibition of this subsection may be waived by the Commission if—

(1) the warrantor satisfies the Commission that the warranted product will function properly only if the article or service so identified is used in connection with the warranted product, and

(2) the Commission finds that such a waiver is in the public interest.

The Commission shall identify in the Federal Register, and permit public comment on, all applications for waiver of the prohibition of this subsection, and shall publish in the Federal Register its disposition of any such application, including the reasons therefor.

That is, one way or the other, aside from any potential appeal, the Arbitration Action will be concluded after August 4, 2015.

That being the case, the only thing consolidation will accomplish at this point will be to keep the case file in the Arbitration Action active after it should be closed. It has been the Court's experience that the Office of the Clerk of the Court has a great deal of difficulty docketing papers in an orderly fashion where cases—especially cases involving complex civil litigation as in these matters—are consolidated. Where cases have been consolidated, but then one case file subsequently should be closed, further chaos—and the habitual misdocketing of papers—ensues. Therefore, since the Arbitration Action will not need to be active after August 4, 2015—unless, again, the matter is appealed—it will only cause inconvenience to the Court—and negatively impact judicial efficiency—to consolidate the matters.

On August 4, 2015, the Circuit Court held a hearing on the petition in the Arbitration Action. On August 7, 2015, the Circuit Court issued a written order ruling that Brown and Spencer's MMWA claims in the Class Action were not subject to binding arbitration. In denying the petition to compel arbitration, the Circuit Court wrote, in pertinent part:

Having considered the various arguments advanced by [Liberty Ford], the Court is not convinced that the instant matter can be meaningfully distinguished from *Koons Ford of Baltimore, Inc. v. Lobach*, 398 Md. 38 (2007). The language of *Koons Ford* is clear and it is broad: "It is clear . . . that Congress intended to preclude arbitration [of Magnuson-Moss Warranty Act claims]." *Koons Ford*, 398 Md. at 62. The Court of Appeals has held that, per its reading of the intent of Congress, <u>all</u> Magnuson-Moss Warranty Act claims are exempt from binding arbitration. While the Court understands that [Liberty Ford] disagrees with this holding, this Court is not free to disregard a decision of this state's highest court.

On August 10, 2015, Liberty Ford filed a notice of appeal of the Circuit Court's order. On January 27, 2016, Brown and Spencer filed a motion to dismiss the appeal in the Court of Special Appeals, arguing that the judgment of the Circuit Court denying the petition to compel arbitration was not an appealable final judgment under Md. Code (1973, 2013 Repl. Vol.), § 12-301 of the Courts and Judicial Proceedings Article ("Cts. & Jud.

6

Proc."). The intermediate appellate court denied Brown and Spencer's motion to dismiss on February 11, 2016, and Brown and Spencer petitioned this Court for review on September 16, 2016. We granted *certiorari* to answer the following question:

> Is an order of the circuit court denying a petition to compel arbitration, the sole issue in a separately-docketed case, a final judgment when there is pending a previously-filed case in the same court addressing all the substantive issues between the same parties in the same transactions?

*Deer Auto. Group v. Brown*, 450 Md. 419, 149 A.3d 546 (2016). For the reasons that follow, we shall answer this question in the negative and remand the case to the Court of Special Appeals, directing it to dismiss the appeal.

## DISCUSSION
### Parties' Contentions

Brown and Spencer argue that the order denying the petition to compel arbitration is not a final judgment and, therefore, not subject to appeal. They contend that in *Am. Bank Holdings, Inc. v. Kavanagh*, 436 Md. 457, 82 A.3d 867 (2013), *Schuele v. Case Handyman & Remodeling Servs., LLC*, 412 Md. 555, 989 A.2d 210 (2010) and *Addison v. Lochearn Nursing Home, LLC*, 411 Md. 251, 983 A.2d 138 (2009), this Court held that an order denying a petition to compel arbitration filed within a case already pending was not a final judgment. Brown and Spencer concede that this Court has never had occasion to decide whether a denial of a petition to compel arbitration in a separately-filed action is a final judgment where there is a previously-filed case currently pending in the same court between the same parties and regarding the same substantive disputes in the same transactions.

7

Brown and Spencer acknowledge that in *Litton Bionetics, Inc. v. Glen Const. Co., Inc.*, 292 Md. 34, 437 A.2d 208 (1981), this Court held that the denial of a petition to consolidate two separate arbitration disputes into one proceeding is a final judgment where there is no pending case in the circuit court other than the petition to consolidate. Brown and Spencer distinguish *Litton* from the present case because in *Litton* there was not a pending related case in circuit court. Brown and Spencer additionally suggest that the rationale of *Brewster v. Woodhaven Bldg. & Dev., Inc.*, 360 Md. 602, 759 A.2d 738 (2000) supports their contention, in that the granting of a motion to transfer venue, which is appealable as a final order, puts the parties out of a particular court, whereas the denial of such a motion, which is not an appealable final order, permits litigation to continue in the court that issues the order.

Brown and Spencer rely on *Haynie v. Gold Bond Bldg. Prods.*, 306 Md. 644, 511 A.2d 40 (1986) to bolster their assertion that Liberty Ford filed a separate action in an attempt to artificially manufacture appellate jurisdiction. In *Haynie*, this Court declined to decide an appeal from a separately-filed declaratory judgment action where there was an existing tort action between the parties. Brown and Spencer assert that the end-run that was rejected in *Haynie* is the same end-run that Liberty Ford is attempting in this case. Next, Brown and Spencer posit that whether the action—here, the Arbitration Action—is embedded in the previously-filed action or is an independent action where there is a currently-pending action is a distinction without a difference. For that proposition, Brown and Spencer rely on a case from the Supreme Court of the United States, *Green Tree Fin. Corp. – Alabama v. Randolph*, 531 U.S. 79, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000),

8

which rejected the distinction between embedded and independent actions as to the finality of judgments when interpreting the Federal Arbitration Act. Brown and Spencer, finally, contend that permitting an appeal of the denial of a petition to compel arbitration would allow parties to eviscerate the final judgment rule.

Liberty Ford, of course, disagrees. Liberty Ford contends that Brown and Spencer's efforts to distinguish *Litton* are unavailing because the sole issue raised in the separately-filed action was whether arbitration could be compelled, and the Circuit Court's denial of the petition to compel arbitration denied all relief sought by Liberty Ford, thereby, terminating the case. Further, Liberty Ford contends that the test of appealability cannot be based on the pendency of a related case because that test conflates otherwise separate proceedings. Liberty Ford asserts that *Haynie* is inapplicable in the present context, because a ruling on arbitration, if sustained, puts the parties out of court.

In addition, Liberty Ford distinguishes *Addison, Case Handyman,* and *Kavanagh* from the instant case based on the filing and subsequent denial of a petition to compel arbitration in an *existing* case. Liberty Ford insists that where such an order denying a petition to compel arbitration was issued in "a separate, independent, and freestanding action" with arbitrability of a claim as the sole issue in that case, the order was final. To support its conclusion, Liberty Ford relies on *dicta* from *Kavanagh* where we suggested that an order denying a petition to compel arbitration in a separate and independently-filed action is a final, appealable order.

Liberty Ford further asserts that the Federal Arbitration Act applies, by virtue of reference to the Federal Arbitration Act in the Appellees' RISC. To the extent that this

9

Court finds that the order is not appealable under the Maryland Uniform Arbitration Act, Liberty Ford asks this Court to follow the federal statute, which expressly allows an immediate appeal of an order denying arbitration. Finally, Liberty Ford urges this Court to adopt the reasoning employed by the Court of Special Appeals in *FutureCare NorthPoint, LLC v. Peeler*, where the intermediate appellate court held that "an order denying an independent, freestanding petition to compel arbitration is a final judgment from which the aggrieved party has the right to appeal." 229 Md. App. 108, 115, 143 A.3d 191, 194 (2016).

## The Final Judgment Rule

Pursuant to Cts. & Jud. Proc. § 12-301, a party may appeal from a final judgment entered by a circuit court in a civil case

> Except as provided in § 12-302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. . . . In a civil case, a plaintiff who has accepted a remittitur may cross-appeal from the final judgment.

A final judgment is "a judgment, decree, sentence, order, determination, decision, or other action by a court . . . from which an appeal, application for leave to appeal, or petition for certiorari may be taken." Md. Code (1974, 2013 Repl. Vol.), § 12-101(f) of the Courts and Judicial Proceedings Article. To constitute a final judgment, an order of the circuit court must satisfy three requirements

> (1) it must be intended by the court as an unqualified, final disposition of the matter in controversy[;] (2) unless the court acts pursuant to Maryland Rule 2-602(b) to direct entry of a final judgment as to less than all of the claims or all of the parties, it must adjudicate or complete the adjudication of all claims

10

against all parties; (3) it must be set forth and recorded in accordance with Rule 2-601.

*Metro Maint. Sys. South, Inc. v. Milburn,* 442 Md. 289, 298, 112 A.3d 429, 434 (2015).

Maryland law recognizes three exceptions to the final judgment rule

> (1) appeals from interlocutory orders specifically allowed by statute; (2) appeals permitted when a circuit court enters final judgment under Maryland Rule 2–602(b) as to certain claims or parties and expressly determines that there is no just reason for delay[;] and (3) appeals from interlocutory rulings allowed under the common law collateral order doctrine.

442 Md. at 298, n.8, 112 A.3d at 434–35, n.8. The parties in the instant case do not dispute that the order of the Circuit Court, which denied the petition to compel arbitration, does not meet any of these three exceptions. The issue presented before us relates to the nature of a final judgment—whether an order denying a petition to compel arbitration filed as a freestanding action is a final judgment where there is a previously-filed pending case between the same parties and involving the same issues and facts— and it is one of first impression in this State.

We have previously discussed the final judgment rule at length. On each occasion, we have been guided by the primary objective of the final judgment rule: "to prevent piecemeal appeals and to prevent the interruptions of ongoing judicial proceedings." *Washington Suburban Sanitary Comm'n v. Bowen*, 410 Md. 287, 294–95, 978 A.2d 678, 683 (2009) (quoting *Cnty. Comm'ns for St. Mary's County v. Lacer*, 393 Md. 415, 424, 903 A.2d 378, 383–84 (2006)). To that end, we have explained that an order considered to be a final judgment "need not necessarily dispose of the merits of a case." *Brewster*, 360 Md. at 610, 759 A.2d at 742. The Court's consideration is, instead, whether an order

11

has denied a party "the ability to pursue claims anywhere[.]" *Brewster*, 360 Md. at 611, 759 A.2d at 743. We have also explained that an "order is final if it terminates the litigation in a particular court." *Brewster*, 360 Md. at 611, 759 A.2d at 742.

We have determined that orders *granting* requests to compel arbitration are final, appealable orders because they terminate the underlying action and put the parties out of the court issuing the order. *See Wells v. Chevy Chase Bank, F.S.B.*, 363 Md. 232, 241, 768 A.2d 620, 624 (2001) ("Because an order of a circuit court compelling the parties . . . to arbitrate the underlying claim completely terminates the action in the circuit court, we have held that an order compelling arbitration is a final judgment and appealable under CJ § 12-301."). Moreover, an order *denying* a petition to compel the consolidation of separate arbitration proceedings is a final judgment *where there is no other case pending* in the circuit court other than the petition to compel consolidation. *See Litton*, 292 Md. at 42, 437 A.2d at 212 ("Because the order denied all of the relief sought by Litton and completely terminated the action in the circuit court, it is an appealable, final judgment.").

Conversely, we have held that orders denying motions to compel arbitration *filed in an existing action* are <u>not</u> final judgments. *Kavanagh*, 436 Md. at 478–79, 82 A.3d at 880 ("An order denying a request to compel arbitration . . . *filed in an existing action* [neither decides and concludes the rights of the parties nor denies a party means of further prosecuting or defending rights in the proceeding] and cannot be viewed as a final judgment, unlike that situation when a Petition to Compel Arbitration filed *on its own* is denied, which terminates the action.") (emphasis added).

12

In *Kavanagh*, we held that an order denying a motion or petition to compel arbitration filed in an existing action was not a final judgment under Cts. & Jud. Proc. § 12–301. 436 Md. at 478, 82 A.3d at 880. In that case, the respondents sued their former employer, American, as a result of a dispute regarding their employment contracts. *Kavanagh*, 436 Md. at 460, 82 A.3d at 868. Each employment contract contained an arbitration provision. *Kavanagh*, 436 Md. at 459, 82 A.3d at 868. Within the deadline to file motions in the employment case, American filed a "Petition to Compel Arbitration and Stay All Proceedings and Request for Hearing," which the Circuit Court denied. *Kavanagh*, 436 Md. at 460–61, 82 A.3d at 869. American noted an appeal of the circuit court's order denying its petition to compel arbitration, but the intermediate appellate court dismissed the appeal on the basis that the order was not final and appealable under Cts. & Jud. Proc. § 12-301. *Kavanagh*, 436 Md. at 461, 82 A.3d at 869–70.

We held that the Court of Special Appeals properly dismissed American's appeal because the circuit court's order denying American's petition to compel arbitration was not a final judgment where there was an existing action. *Kavanagh*, 436 Md. at 478, 82 A.3d at 880. We reasoned that where a court denies a petition to compel arbitration that is filed in an existing action, that order neither decides and concludes the rights of the litigants involved, nor denies "a party means of further prosecuting or defending rights in the subject matter of the proceeding." *Id.* Accordingly, the order denying the request to compel arbitration was not a final judgment. *Id.* In *Kavanagh*, we noted a distinction between cases where a petition to compel arbitration was filed in an existing action and cases where a petition to compel was filed separately as a free-standing and independent action.

13

*Kavanagh*, 436 Md. at 478–79, 82 A.3d at 880. We explained that "[a]n order denying a request to compel arbitration, styled as a motion or petition, filed in an existing action . . . cannot be viewed as a final judgment, *unlike that situation when a Petition to Compel Arbitration filed on its own is denied, which terminates the action.*" *Id.* (emphasis added). In *Kavanagh*, we recognized that where there is no underlying or additional litigation, as in *Litton*, 292 Md. at 42, 437 A.2d at 212, a denial of a petition to compel, or consolidate, arbitration proceedings is immediately appealable. Our holding in *Litton* and affirmance in *Kavanagh* does *not*, however, stand for the proposition that, where litigation has been instituted as to the merits of a dispute, a party may file a motion to compel under a separate case number, and its denial would be immediately appealable.

This Court in *Kavanagh* expressed specifically the view in *dicta* that orders denying petitions to compel arbitration, filed as independent actions, are final orders, subject to the final judgment rule. *See id.* That view is limited to instances where there is not an already pending matter between the same parties regarding the same substantive dispute. In other words, independent means that there is no case pending other than the arbitration action, and that within the arbitration action, there is no issue pending other than arbitration. *See Kavanagh*, 436 Md. at 478–79, 82 A.3d at 880 (noting that "when a petition to compel arbitration filed *on its own* is denied[,]" it terminates the action and is a final judgment) (emphasis added). The facts of *Kavanagh* did not encapsulate the scenario before us now where the parties were involved in a pending matter—the Class Action—and one party filed an action that was separate but related to the same issue that was already being litigated in the Class Action. *See Kavanagh*, 436 Md. at 460–61, 82 A.2d at 868–69.

14

*Kavanagh*, nevertheless, informs the outcome of this case. The final judgment rule, specifically in the context of a request to compel arbitration, applies where an order that has denied a petition to compel arbitration has decided and concluded the rights of the litigants involved, or denied the party an opportunity to further prosecute or defend the party's rights in the matter. *See Kavanagh*, 436 Md. at 478, 82 A.3d at 880. Here, the order denying Liberty Ford's petition to compel arbitration neither decided and concluded its rights, nor denied Liberty Ford the opportunity to further prosecute or defend its rights in the pending matter.

In *Peeler*, the Court of Special Appeals considered, on its own motion, whether a party has a right to appeal from an order denying a petition to compel arbitration when the appeal was brought as an independent action, rather than as a motion in the existing action. 229 Md. App. at 114–15, 143 A.3d at 194. In that case, the daughter of a deceased resident of FurtureCare NorthPoint, LLC sued the nursing facility in a wrongful death action. 229 Md. App. at 116, 143 A.3d at 195. The nursing home commenced an independent action in the circuit court by filing a petition to compel arbitration of the wrongful death claim. *Id.* The circuit court denied the petition, and the nursing home appealed that order.[3] *Peeler*, 229 Md. App. at 117, 143 A.3d at 196. On appeal, the Court of Special Appeals addressed the jurisdictional issue *sua sponte*. *Peeler*, 229 Md. App. at 118, 143 A.3d at 197.

---

[3] We note that the trial court in *Peeler*, on its own motion, consolidated the wrongful death action with the action to compel arbitration but "maintained separate files for the two actions." 229 Md. at 117, 143 A.3d at 196.

15

The Court of Special Appeals noted that the nursing home's freestanding petition to compel

> easily satisfies most of the elements of a final judgment. The judge signed a document that denied all relief in unqualified terms, and the clerk memorialized the denial of relief in a proper docket entry . . . The remaining question is whether the court's ruling was sufficiently final in its nature so that it could have been entered as a final judgment.

*Peeler*, 229 Md. App. at 119–20, 143 A.3d at 197. The intermediate appellate court examined *Kavanagh*, applied *dicta* from that case, and concluded that "an order denying an independent, freestanding petition to compel arbitration [wa]s a final judgment from which the aggrieved party ha[d] the right to appeal." *Peeler*, 229 Md. App. at 115, 143 A.3d at 194. In applying the final judgment rule to the order at issue, the court noted that "[t]he circuit court's order fully adjudicated the *only claim* in the *separate action*, *denied all of the relief* sought by [the nursing home] in that action, and completely terminated *that* case." *Peeler*, 229 Md. App. at 115, 143 A.3d at 200 (emphasis added).

We disagree. Where an order puts the parties out of court, with no recourse to prosecute or defend its rights with respect to the claim that may be subject to arbitration, an order denying a petition to compel arbitration is a final, appealable order. *See Litton*, 292 Md. at 42, 437 A.2d at 212. Where, however, there is a pending case involving a claim that is allegedly subject to arbitration, an order denying a petition to compel arbitration that is filed in a separate, independent action is not a final, appealable order because the party seeking to compel arbitration is not put out of court—indeed, the party is mandated to stay in court to litigate the underlying claim.

As Brown and Spencer assert, *Haynie* supports our holding in the instant case. In *Haynie*, an injured employee sued his employer, Gold Bond Building Products, in a tort action. *Haynie*, 306 Md. at 645, 511 A.2d at 40–41. While the tort action was pending, Haynie filed a declaratory judgment action in which he sought relief relative to several provisions of the Worker's Compensation Act. *Haynie*, 306 Md. at 645–47, 511 A.2d at 40–41. We explained that "permitting declaratory judgment actions to resolve issues which could properly be raised and decided in pending cases, would be unfortunate as it would unduly burden the courts." *Haynie*, 306 Md. at 651, 511 A.2d at 43. This Court declined to decide the question presented in the petition for certiorari, because to answer the question would require this Court to overlook the "inappropriate procedure", which "might result in litigants misusing the declaratory judgment statute in order to circumvent the policy against appeals from interlocutory orders and against piecemeal appeals." *Haynie*, 306 Md. at 653, 511 A.2d at 44. This Court explained that "as long as no party to the litigation challenged the procedure, we would be allowing the parties, by consent, to bypass the final judgment requirement." *Haynie*, 306 Md. at 654, 511 A.2d at 45. The reasoning of *Haynie* applies in equal force to this case. A party, in this case, Liberty Ford, should not be permitted to circumvent the final judgment rule by filing a separate cause of action to compel arbitration of a claim that is the subject of litigation in a pending lawsuit between the same parties and the party seeking to compel arbitration could have filed previously a motion to compel arbitration in the pending case. To allow otherwise undermines the final judgment rule.

The legislative history of the Maryland Uniform Arbitration Act supports our conclusion as well as our rejection of Liberty Ford's contention that the appeal provisions

17

of the Federal Arbitration Act are dispositive. As we explained in *Kavanagh*, the appeal

provisions of the Maryland Uniform Arbitration Act were deleted as duplicative in 1973

as part of the Annotated Code revision process. *Kavanagh*, 436 Md. at 473, 82 A.3d at

876. The appeal provisions, "which permitted an appeal to be taken from an order denying

an application to compel arbitration only 'in the manner and to the same extent' as other

final judgments in civil actions," were eliminated because "'[m]ost of its language deals

with appeals from final judgments and is thus covered by § 12-301.'" *Kavanagh*, 436 Md.

at 472–74, 82 A.3d at 876–77 (quoting 1973 Maryland Laws, Ch. 2, Revisor's Note to §

12-303). Thus, the appealability of an order denying a petition to compel arbitration was

limited to "the manner and to the same extent as from orders or judgments in a civil action."

*Kavanagh*, 436 Md. at 472, 82 A.3d at 876 (quotation marks omitted). We further

explained that "no substantive changes were intended during the recodification process,

with respect to [the Maryland Uniform Arbitration Act.]" *Kavanagh*, 436 Md. at 474, 82

A.3d at 877.[4] The final judgment rule directs our determination of whether an appeal can

be taken from an order denying a petition to compel arbitration where there is a pending

suit between the same parties and regarding the same substantive dispute, and the party

seeking to compel arbitration could have filed a motion to compel arbitration in the pending

---

[4] *Kavanagh* was issued in 2013. As we commented therein, "'the General Assembly is presumed to be aware of this Court's interpretation of its enactments and, if such interpretation is not legislatively overturned, to have acquiesced in that interpretation." *Kavanagh*, 436 Md. at 475, n.19, 82 A.3d at 877, n.19. Our interpretation in *Kavanagh* of the Maryland Uniform Arbitration Act and its legislative history has not been superseded by any action of the General Assembly.

case.  We hold that the Circuit Court's denial of Liberty Ford's petition to compel arbitration is not a final appealable order pursuant to Cts. & Jud. Proc. § 12-301.

Finally, we note that in the instant case the Circuit Court denied Brown and Spencer's Motion to Consolidate the Arbitration and Class actions.  In doing so, the court explained that consolidation of the two actions was unnecessary because the issue of arbitrability in the Arbitration Action would be determinative of further proceedings in the Class Action.  The court commented that consolidation would only serve to create "further chaos [due to] the habitual misdocketing of papers" and would result in inconvenience to the court.  We are sympathetic to the Circuit Court's frustration, but its rationale for denying Brown and Spencer's motion to consolidate is unavailing in this case.  The question of arbitrability of the same issue that was pending in the Class Action should have been considered as part of that action because, as the Circuit Court pointed out, a "determination of th[e] Petition [to Compel Arbitration] will end proceedings in the Arbitration Action and will either result in the staying of the Class Action or in allowing the Class Action to proceed."  *See* Md. Rule 2-503 ("When actions involving a common question of law or fact or a common subject matter, the court, on motion or on its own initiative, may order a joint hearing or trial or consolidation of any or all of the claims, issues, or actions.").  Here, in an effort to avoid chaos, the Circuit Court engendered it.  In fact, at oral argument before us, counsel for Liberty Ford conceded that Liberty Ford filed the separate Arbitration Action for the purpose of taking an immediate appeal.  The Circuit Court could have dismissed Liberty Ford's petition, directed Liberty Ford to file its motion in the pending Class Action, or consolidated the two actions.  Instead, the court

19

unnecessarily bifurcated the two actions, giving rise to Liberty Ford's impermissible appeal.

## CONCLUSION

The Circuit Court's order denying Liberty Ford's petition to compel arbitration is not a final, appealable judgment under Cts. & Jud. Proc. § 12-301. The Court of Special Appeals does not have jurisdiction to hear an appeal of that order.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS THE APPEAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY APPELLANT.**

Circuit Court for Baltimore County
Case No.: 3C15002637
Argued: March 2, 2017

IN THE COURT OF APPEALS

OF MARYLAND

No. 62

September Term, 2016

_____

DEER AUTOMOTIVE GROUP, LLC t/a
LIBERTY FORD

v.

BARBARA BROWN et al.

_____

Barbera, C.J.
Greene,
Adkins,
McDonald,
Watts,
Hotten,
Getty,

JJ.

_____

Dissenting Opinion by McDonald, J.,
which Barbera, C.J., joins.

_____

Filed: June 27, 2017

I agree with the Majority opinion in one respect – there should be no distinction between the appealability of a denial of a motion to compel arbitration filed in an existing action and a denial of a petition to compel arbitration filed in a separate action concerning the same dispute. But I disagree with the Majority opinion in another respect. In my view, the General Assembly provided that there is a right to an immediate appeal in both circumstances when it adopted the Uniform Arbitration Act.[1] We should respect that policy decision concerning appealability, even if we have doubts about the merits of diverting a particular case to arbitration.

As the Majority opinion recounts, in *American Bank Holdings, Inc. v. Kavanagh*, 436 Md. 457, 471-75 (2013), this Court held that a denial of a motion to compel arbitration in an existing case *was not appealable* while acknowledging that the denial of a petition to compel arbitration of the same dispute in a separate action *would be appealable* as a final judgment. The majority opinion in *Kavanagh* painted itself into that corner in its effort to reconcile its holding with prior decisions of this Court.

The Majority opinion in this case offers a revisionist view of *Kavanagh*. It states that the *Kavanagh* majority "recognized that where there is no underlying or additional litigation, as in *Litton* [*Bionetics, Inc. v. Glen Constr. Co., Inc., et al.*], 292 Md. [34] at 42 … a denial of a petition to compel, or consolidate, arbitration proceedings is immediately

---

[1] It is notable that the Supreme Court decision construing the Federal Arbitration Act that is cited in the Majority opinion (Majority slip op. at 8-9) in support of a consistent approach to appealability in these circumstances actually held in favor of appealability. *Green Tree Fin. Corp. – Alabama v. Randolph*, 531 U.S. 79 (2000).

appealable." Majority slip op. at 14. The Majority opinion is mistaken, in at least two respects. First, the *Kavanagh* opinion actually cited *Litton Bionetics* – together with *Hartford Accident & Indem. Co. v. Scarlett Harbor Assocs. Ltd. P'shp*, 346 Md. 122 (1981) – for the proposition that "an order denying a petition to compel arbitration as an independent action … is appealable" without the gloss that the Majority opinion now adds. *Kavanagh*, 436 Md. at 468. Second, in the other case relied upon by *Kavanagh – Scarlett Harbor* – there *was* related underlying litigation, yet this Court simply stated, as did the *Kavanagh* majority opinion, that "[a]n order denying a claim that arbitration should be compelled in an action in which that is the sole claim asserted is an appealable judgment." 346 Md. at 126 n.5.

The Court of Special Appeals has recognized that, under the reasoning of the *Kavanagh* majority opinion, it was a "foregone conclusion" that a denial of a request for arbitration is appealable if made in a separate action, but not if made in an existing action concerning the same subject matter. *FutureCare NorthPoint, LLC v. Peeler*, 229 Md. App. 108, 123-24 (2016). Litigators have been advised to take the distinction made by *Kavanagh* into account when deciding how to enforce an arbitration clause. *See* I.C. Wolpert, *Appealability of an Order to Stay or Compel Arbitration*, 69 Dispute Res. J. 91 (2014). The Court now abandons that distinction.

As I indicated in my dissent in *Kavanagh*, I found the distinction made by the *Kavanagh* majority opinion not only incongruous, but also contrary to the legislative history of the Maryland Uniform Arbitration Act and a prior decision of the Court of Special Appeals that had analyzed that legislative history. *Kavanagh*, 436 Md. at 479 – 96

2

(McDonald, J., dissenting); *see also Regina Construc. Corp. v. Envirmech Contracting Corp.,* 80 Md. App. 662 (1989) (Wilner, J.).[2] That legislative history clearly indicates that the Legislature intended to allow immediate appeals in both situations.

The Majority opinion in this case makes a passing reference to the legislative history of the Maryland Uniform Arbitration Act and concedes that the 1973 code revision that resulted in the current version of the law did not effect a substantive change in that law. Majority slip op. at 17-18. However, the Majority opinion ignores the fact that, prior to the 1973 code revision, the act indisputably provided for an immediate appeal of denial of a motion to compel arbitration. *See* Maryland Code, Article 7, §§2, 18(a)(1) (1968 Repl. Vol.).

In the end, while the Majority opinion perpetuates the *Kavanagh* majority opinion's misreading of the statute and its legislative history, it does have the virtue of eliminating the internal inconsistency of the *Kavanagh* majority opinion.

---

[2] In *Regina*, Judge Wilner reviewed in some detail the legislative history of the arbitration act and the effect of code revision and explained: "In enacting the Courts & Judicial Proceedings Article, the General Assembly seemed to accept the notion that an order denying a petition or application to compel arbitration was immediately appealable, and indeed appeared to believe that it was appealable as a final judgment." 80 Md. App. at 670. As a result of that analysis, Judge Wilner concluded that the appeal in *Regina* was properly before the intermediate appellate court and proceeded to discuss the merits of the appeal. The majority opinion in *Kavanagh* did not address that analysis of the legislative history and largely distinguished *Regina* on the ground that the case had not been previously cited in the Court of Appeals and on the reasoning of a 1978 decision of the Court of Special Appeals that preceded *Regina* and that had turned on a then-existing distinction between courts of law and courts of equity which, as Judge Wilner had noted in *Regina*, no longer exists. *Kavanagh*, 436 Md. at 477-78.

3

In any event, for the reasons explained in my dissent in *Kavanagh,* the result in this case, as well as in *Kavanagh*, is contrary to the direction that the General Assembly gave in the Maryland Uniform Arbitration Act.[3] This does not mean that this dispute necessarily should be decided by an arbitrator, but it does mean that *we* should decide *now* whether it must be. One might disagree with a legislative policy favoring arbitration[4] including the decision to allow immediate appealability in these circumstances, but that is the General Assembly's prerogative and there is some common sense to it – better to decide now whether a case must be diverted to arbitration rather than determine in a later appeal after trial that judicial resources have been expended for naught.

Chief Judge Barbera has advised that she joins this opinion.

---

[3] In a footnote, the Majority opinion suggests, as did the *Kavanagh* majority opinion, that the General Assembly has acquiesced in its interpretation of the Maryland Arbitration Act, Majority slip op. at 18 n.4. As I noted in my dissent in *Kavanagh*, it is somewhat contradictory to rely on a notion of "legislative acquiescence" and at the same time assert that earlier cases did not determine the issue before the Court. *Compare Kavanagh*, 436 Md. at 468 with *id*. at 475 n.19. In addition, while legislative inaction might be significant "where bills have repeatedly been introduced in the General Assembly to accomplish a particular result, and the General Assembly has persistently refused to enact such bills," *Moore v. State*, 388 Md. 623, 640 (2005), that is not the case here. Finally, this Court has frequently described legislative inaction as a "weak reed upon which to lean." *E.g., Sherwood Brands v. Great American Ins. Co.*, 418 Md. 300, 321 n.16 (2011).

[4] The court system is the original system of "alternative dispute resolution." It replaced the old system of blood feuds and violence. In time it became the official system of dispute resolution. During the last century there has been significant legislative and judicial enthusiasm for other alternatives, such as arbitration, which have collectively assumed the title of "alternative dispute resolution." It is not entirely clear that such alternatives are always fair, or efficient, or are truly an "alternative" that is voluntarily chosen by all of the parties. Thus, whether alternative dispute resolution is always preferable to judicial resolution is certainly open to debate.